## EDMUND A. SAUNDERS, ALEXANDER WALKER AND THOMAS F. POLLARD, APPELLANTS, *v.* JANE IRWIN, RESPONDENT, IMPLEADED WITH OTHERS.

*Levy by sheriff — Injunction to prevent sale on the ground that otherwise the rights of firm creditors will be imperilled — denied — Presumption that the sheriff will sell, in accordance with the legal rights of parties.*

APPEAL from an order made at a Special Term vacating an order of injunction.

The plaintiffs claim to be partnership creditors of the firm of Tooker & Irwin, composed of the defendants, Tooker and Thomas J. Irwin, alleging some $2,400 to be due them from said firm for goods sold and delivered. Of this amount only $845.71 is in judgment. Execution was issued on this judgment to the sheriff of the city and county of New York, January 17, 1879.

The defendant Jane Irwin, on the 17th January, 1879, recovered judgment in this court for $7,496.17 against the said Tooker and Thomas J. Irwin, and the defendants Candee and Arnold, the four composing the firm of Tooker, Arnold & Co. Jane Irwin, on January seventeenth, issued execution on her judgment to the sheriff of the city and county of New York. Tooker & Irwin's prop-

erty was levied upon under the last mentioned execution, and advertised for sale by the sheriff. The plaintiffs alleging that the firm of Tooker & Irwin was insolvent brought this action on behalf of themselves and other creditors, and prayed for an injunction restraining the sale, except subject to the payment of the firm debts and the settlement of firm accounts. Thereupon the plaintiffs on the 30th of January, 1879, obtained an injunction staying the sale, with an order to show cause why same should not be continued to judgment, returnable February 5, 1879.

The court at General Term said : " The question presented on this appeal is whether upon the facts stated in the complaint equity will interfere to give the relief prayed for. We think the plaintiff fails to show any case for the interference of a court of equity. The rights of the sheriff to make a levy and sale are clearly defined. If he went beyond those rights, and sold the whole interest in the property and delivered the same to the purchaser, he would himself be a trespasser. It must be presumed that the sheriff intended to sell in accordance with his legal rights, and a court of equity will not interfere on such a state of facts, simply, by injunction to compel officers to do their duty. The legal rights of the creditors of the firm could not be affected by a sale made by the sheriff."

The order should be affirmed, with ten dollars costs and disbursements.

*Henry De Forest Weekes* and *George H. Forster*, for the appellants. *Edward T. Bartlett*, for the respondent, Jane Irwin.

Opinion *per Curiam.*

Present — DAVIS, P. J., BRADY and POTTER, JJ.

Order affirmed, with ten dollars costs and disbursements.